```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Robert W. Michaud**

    **v.**                                       Civil No. 13-cv-378-PB
                                           Opinion No. 2013 DNH 175
**HSBC Bank USA, N.A. as Trustee for**
**Wells Fargo Home Equity**
**Asset-Backed Securities 2005-3 Trust,**
**Home Equity Asset-Backed Certificates,**
**Series 2005-3**


## MEMORANDUM AND ORDER

This case arises from a loan granted to Robert and Piedad Michaud by Wells Fargo Bank, N.A. that was secured by a mortgage on the Michauds' home in Nashua, New Hampshire.  Mr. Michaud claims he has entered into a binding loan modification agreement with the current holder of the promissory note and mortgage, HSBC Bank USA, N.A. as Trustee for Wells Fargo Home Equity Asset-Backed Securities 2005-3 Trust, Home Equity Asset-Backed Certificates, Series 2005-3.  He seeks to enforce this contract and enjoin HSBC from foreclosing.  HSBC moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). I grant the motion.

## I.  BACKGROUND[1]

As consideration for a $219,600 home loan, Robert and Piedad Michaud executed a promissory note payable to Wells Fargo Bank, N.A on June 30, 2005.  The note was secured by a mortgage on residential property that the Michauds purchased with the loan proceeds; Wells Fargo was named mortgagee.  The Michauds suffered a financial hardship in 2012, leading Mr. Michaud to reach out to Wells Fargo in July of that year to inquire about modification of his loan terms.  The Michauds paid the Litigation Law Group ("LLG") $4,000 to assist him with the loan modification negotiations.  LLG worked with Wells Fargo until April 2013, at which point LLG cut off its phone and email service.  After several unsuccessful attempts to contact LLG, Mr. Michaud learned from Wells Fargo that LLG had been issued a cease and desist order.  Mr. Michaud alleges that LLG defrauded him by retaining the $4,000 payment despite taking no action on

---

[1] The facts are drawn from the First Amended Petition to Enjoin Foreclosure (Doc. No. 6) and from the other documents provided by the parties that are central to the complaint's factual allegations.  See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When . . . a complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

his behalf to pursue a loan modification.[2]  Following this revelation, Mr. Michaud continued to discuss loan modification requirements with a loan preservation specialist at Wells Fargo.

On June 21, 2013, Wells Fargo assigned the Michauds' note and mortgage to HSBC but continued to service the loan on HSBC's behalf.  The Michauds presumably defaulted on their loan obligations during this period – they do not claim otherwise - and either HSBC or Wells Fargo scheduled a foreclosure auction for July 24, 2013.  Two days before the sale was to occur, Mr. Michaud filed a pro se[3] petition with the New Hampshire Superior Court to enjoin the sale, stating that "we need more time to work with Wells Fargo – we need to stop [the] foreclosure . . . ."  Doc. No. 3.  That same day, the court enjoined the sale pending a hearing on the petition.  Before this hearing could occur, HSBC removed the case to this court on August 23, 2013.  On September 13, 2013, Mr. Michaud amended his complaint to allege that HSBC or its agent had recently offered to modify his loan terms.  Mr. Michaud claims to have accepted this offer, creating a binding loan modification agreement with HSBC.

---

[2] LLG is not a party in this case.

[3] The Michauds have since retained counsel.

On September 27, 2013, HSBC moved to dismiss the amended complaint for failure to state a claim.  Mr. Michaud filed an objection to the motion on October 7, 2013.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face."  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678 (citation omitted).

In deciding a motion to dismiss, I employ a two-step approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action."  Id. (alterations and internal quotation marks omitted).  A claim

consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  Second, I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Twombly, 550 U.S. at 556.  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

### III.  ANALYSIS

Mr. Michaud bases his amended complaint on his contention that HSBC or its agent sent him a loan modification offer on or about July 26, 2013.  The alleged offer includes the following terms: (1) a reduction of the principal balance from $253,931 to $228,537.90; (2) a reduction of the interest rate from six percent to two percent; and (3) a reduction of the required

5

monthly payment from $1523.59 to $845.59.  Doc. No. 6.  The Michauds claim that they have accepted this offer and seek to enjoin the foreclosure and enforce the terms of this alleged contract with HSBC.

I need not address the highly doubtful proposition that the July 26 correspondence constitutes a valid offer, as Mr. Michaud has failed to craft a plausible argument that the letter in question originated from HSBC or its agent.  The letter states that "[t]his public notice is courtesy of NMA Legal-Network National Mortgage Aid.  NMA . . . is not a creditor or a lender."  Doc. No. 7-4.[4]  It further states that the "[i]nformation [in this letter] was obtained from public record sources."  Id.  The letter includes "RE: Wells Fargo Bk NA"

---

[4] HSBC presented a copy of this letter as an exhibit accompanying its motion to dismiss.  Doc. No. 7-4.  The amended complaint alleges that HSBC or its agent "sent a mortgage modification proposal to the Petitioners" without explicitly mentioning a letter.  Doc. No. 6.  The date and terms of the alleged offer match those in the letter, and Mr. Michaud does not challenge the letter's authenticity, claim that it is not the offer in question, or otherwise object to its introduction.  See Doc. No. 8.  I therefore consider it in deciding the motion to dismiss without converting that motion to one for summary judgment.  See Beddall, 137 F.3d at 17 ("[T]he court's inquiry . . . should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which by her own admission the allegations rest. . . .  [Otherwise,] a plaintiff could thwart the consideration of a critical document merely by omitting it from the complaint.").

above Mr. Michaud's address, but in the context of the above quoted text, this reference to Wells Fargo merely identifies the loan that is the subject of NMA's letter.  The letter contains no other reference to Wells Fargo.  It contains no reference to HSBC whatsoever.  On its face, it appears to be no more than a common solicitation from a third party that has learned from public records that a struggling homeowner involved in foreclosure proceedings may be interested in its services.

   Despite the letter's obvious nature, Mr. Michaud claims that "[t]he relationship between the offeror and the Respondent in this action is a question of fact not susceptible to dismissal based on the pleading."  Doc. No. 8.  That might be true had Mr. Michaud presented any evidence whatsoever to establish that NMA had actual or apparent authority to act on HSBC's behalf.  See Dent v. Exeter Hosp., Inc., 155 N.H. 787, 792 (2007) (defining actual authority and noting that apparent authority "exists where the principal so conducts itself as to cause a third party to reasonably believe that the agent is authorized to act" (quoting Boynton v. Figueroa, 154 N.H. 592, 604 (2006))).  As it stands, however, Mr. Michaud's unsupported allegation is merely a "legal conclusion[] couched as fact," not

7

a plausible claim sufficient to survive dismissal. See Ocasio-Hernández, 640 F.3d at 12 (alterations omitted).

Mr. Michaud also argues in his objection to the motion to dismiss that HSBC "overlooks . . . that the offer . . . is not the only basis for enjoining the foreclosure," noting that "[t]he original Petition . . . clearly indicates that [Mr. Michaud] was 'working with Wells Fargo' a [sic] the time of receipt of the foreclosure notice but 'need[s] more time.'" Doc. No. 8 (last alteration in original) (emphasis omitted). In citing exclusively to the original complaint in support of this claim, however, Mr. Michaud's counsel overlooks the fact that "an amended complaint supersedes the original complaint." See Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n.4 (2009); accord Evergreen Partnering Grp., Inc. v. Pactiv Corp., 720 F.3d 33, 40 n.2 (1st Cir. 2013). Such an oversight might be countenanced if Mr. Michaud remained pro se. Now that he is represented by counsel, claims raised in the original complaint but not the amended complaint are deemed waived. To the extent that the amended complaint is intended to incorporate a similar claim, see Doc. No. 6 ("The Petitioner continues to work with Wells Fargo . . . but needs additional time."), it fails to state a viable cause of action. See, e.g., Worrall v.

8

Fed. Nat'l Mortg. Ass'n, 2013 DNH 158, 15 (citing Schaefer v. IndyMac Mortg. Servs., No. 12-cv-159-JD, 2012 WL 4929094, at *6 (D.N.H. Oct. 16, 2012), aff'd, 731 F.3d 98 (1st Cir. 2013); Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 129-30 (D.N.H. 2012)).

## IV. CONCLUSION

For the foregoing reasons I grant HSBC's motion to dismiss (Doc. No. 7).  The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 19, 2013

cc:  Bradley M. Lown, Esq.
     Michael R. Stanley, Esq.